## JOHN W. B. WATSON v. ORREN L. DODD.

The weightiest considerations make it the duty of the Courts to adhere to their decisions. No case ought to be reversed upon a petition to re-hear, unless it was decided hastily and some material point was overlooked, or some direct authority was not called to the attention of the Court.

A contingent remainder is not subject to execution for the payment of a debt before the falling in of a particular estate.

(*Watson* v. *Dodd*, 68 N. C. Rep. 528 affirmed.)

PETITION TO RE-HEAR the judgment in this case entered in this Court at its January Term, 1873; and which is reported in the 68 N. C. Reports, 528.

The facts of the case are fully stated in the report of the case at January Term, 1873.

*Haywood* and *Moore & Gatling*, for the petitioner.
*Pov*, contra.]

PEARSON, C. J. The weightiest considerations make it the duty of the Courts to adhere to their decisions. No case ought to be reversed upon petition to re-hear, unless it was decided hastily, and some material point was overlooked, or some direct authority was not called to the attention of the Court. Such is not the fact in this instance.

*Watson* v. *Dodd*, 68 N. C. Rep., 528, was decided upon full argument by counsel, and after full consideration by the Court, and must be treated as an authority, by which the law is settled.

Mr. Haywood in his much elaborated, and I will add, very able argument at this term, did not suggest any material point, which has been overlooked by the Court; and was forced to admit, that after the fullest research, he has not been able to find any direct authority in support of the power of the Court to order a contingent remainder to be sold for the payment of a debt, in a proceeding between the *immediate parties*, that is,

creditor and debtor; and in cases where a third person, for instance, an heir charged with a specialty debt, taking a contingent remainder by descent, or an assignee in bankruptcy, taking a contingent remainder by act of law; he was not able to find any instance where the contingent remainder was sold, before the falling in of the preceding estate, so that a clear title could be made to the purchaser, thus showing the policy of the law to be, not to encourage *gambling* and *speculation* by the sale of a contingent interest, which is the reason given in the books, for not allowing a contingent remainder to be assigned. Indeed the argument suggested an additional reason for not selling a contingent interest, growing out of the provision for a " homestead," made by the Constitution.

The docketed judgment is a lien upon the contingent remainder, if matters stand as they are now, until the falling in of the preceding estate. The defendant will take his homestead without question; if a sale is ordered now, his right to a homestead will be defeated, or a least greatly embarrassed. There is no error. Judgment against plaintiff for cost.

.PER CURIAM. Judgment accordingly.