*R. G. LEWIS, surviving partner, &c. v. W. D. ROUNTREE & CO.

*Supreme Court—Former Decisions.*

The weightiest considerations should induce this court to adhere to its decisions, unless manifest error appears, especially when the decision was made by a full court and with unanimity and after full argument by counsel.

(*Watson* v. *Dodd,* 72 N. C., 240, cited and approved.)

PETITION to Rehear filed by defendants at January Term and heard at June Term, 1879, of THE SUPREME COURT.

The petitioners ask that the judgment rendered in this case, reported in 78 N. C., 323, be reversed. The errors assigned are stated in the opinion.

Messrs. *E. G. Haywood* and *D. G. Fowle,* for plaintiff.

Messrs. *Gilliam & Gatling, Lewis & Strong* and *Geo. H. Snow,* for defendants.

DILLARD, J. The appeal to the January term, 1878, of this court was taken by the plaintiff from the judgment of the court below dismissing the action on the ground that the action upon the case made by the pleadings and on the facts found by the referee, Samuel A. Ashe, in law, did not lie; and at the hearing in this court it was held that His Honor was in error in ruling that the plaintiff was not entitled to recover, and a certificate was ordered to issue to the court below that further proceedings might be had in conformity to the opinion filed. And now at this term a petition to rehear is brought on for argument at the instance of the defendants on errors assigned in the said opinion and

---

* SMITH, C. J., having been of counsel did not sit on the hearing of this case.

LEWIS v. ROUNTREE.

judgment of this court in the following particulars, in substance:

1. In ruling that the words used in the contract of sale descriptive of the article sold was a warranty.

2. In holding that there was no waiver of the warranty, that the rosin was of the kind specified in the contract, by the opportunity the plaintiffs had of inspection before and at the delivery of the rosin, and by the selection they made of the barrels to be shipped out of a larger number.

3. In holding that the plaintiff was not bound to notify the defendants of the defect in the rosin on its arrival in New York city, and to offer to return the same.

On examination of the case of appeal, obviously it was incumbent on the plaintiff, in order to a reversal of the judgment holding him not entitled to recover, to maintain on reason and authority in law the three propositions which the defendants in their petition to rehear urge as erroneous in the opinion and judgment of this court; and on reference to the opinion and judgment complained of, reported in 78 N. C., 323, it will be seen that those points were discussed and carefully considered and adjudged by the court.

We have taken the labor to look through the authorities cited in the briefs of counsel in support of and adverse to the correctness of the points ruled in the former decision, and we find the rulings not only sustained by the authorities referred to in the opinion, but by numerous cases not cited, while at the same time there are various decisions in our sister states of positive ability settling the same points to the contrary. Under this state of the authorities we accept the points decided in the opinion and judgment under review as settling the law of the case, the decision being made by a full court and with unanimity, upon a full argument by counsel and a careful consideration by the court. In such cases the weightiest considerations should induce the

court to adhere to its decisions unless manifest error appears. *Watson* v. *Dodd*, 72 N. C., 240.   The petition of defendants to rehear is therefore dismissed.

No error.                              Petition dismissed.