ELIZABETH G. HAYWOOD, Ex'r. v. ELIZABETH B. DAVES.

*Petitions to Rehear—Practice Concerning—Decision of Foreign Court, effect of here.*

1. No case will be reviewed upon petition to rehear, unless it was decided hastily and some material point was overlooked, or some direct authority was not called. to the attention of the court.

2. The decision of the court of another state, in the interpretation and administration of its own laws in respect to property subject thereto and within its jurisdiction, is binding upon the courts of this state.

(*Watson* v. *Dodd*, 72 N. C., 240; *Hicks* v. *Skinner*, *Ibid*, 1, cited and approved.)

PETITION to Rehear, filed by plaintiff and heard at June Term, 1879, of THE SUPREME COURT.

See same case, 80 N. C., 338. The error assigned is: Because by the decision and judgment the court held that in dividing the sum of money specified in the record as having been received by one Jackson, (agent of the parties,) the whole of the three sums of $248.20, $191.13, and $246.55, are to be charged against the five-ninths of said fund in the hands of said Jackson, belonging to the plaintiff as executrix of Jane F. Haywood, and that no part of said three sums is to be charged against the four-ninths of said fund belonging to the defendant. The plaintiff is advised that the decision and judgment are erroneous and should be reversed, and that only five-ninths of the three sums ought to be charged against the five-ninths of the fund in the hands of Jackson to be received by plaintiff.

*Mr. E. G. Haywood,* for plaintiff.
*Mr. D. G. Fowle,* for defendant.

SMITH, C. J. At the last term this case was fully and ably discussed by counsel representing the respective parties,

and after careful consideration determined by the court. The same line of argument was then pursued as that now addressed to us, and to a great extent the same authorities cited and relied on. The additional references are cumulative to the same points. No overlooked aspect of the case has been brought to view upon the rehearing.

The frequency of the applications for a revision of the decisions of the court and the readiness of its counsellors who did not appear at the first hearing to certify their opinion that "the judgment was erroneous," induce us to recall what has been heretofore said about the practice and the principle on which it rests: "The weightiest considerations," says PEARSON, C. J., "make it the duty of the court to adhere to their decisions. *No case ought to be reheard,* upon petition to rehear, unless it was decided *hastily* and some *material point* was overlooked, or some *direct authority* was not called to the attention of the court." *Watson* v. *Dodd,* 72 N. C., 240. This is repeated with emphasis by READE, J., delivering the opinion in *Hicks* v. *Skinner,* 72 N. C., 1; and is approved at the present term in *Devereux* v. *Devereux, post,* 12.

The argument upon the second hearing, as before, proceeds upon an alleged error in the ruling of the supreme court of New York, whereby the unpaid purchase money due from the vendee is charged with the costs and expenses incurred by her in the suit to divest the legal estate passing to the infant devisees under the will of the testatrix, and transferring the same to her. Whether right or wrong, such decree was rendered in the action for specific performance against those devisees, in a case where the fund was under the control of the court, and its jurisdiction was ample. The necessity of this proceeding was superinduced by the death of the testatrix and the devises in her will, and by no act or omission of the defendant. She and the adult devisees were competent to convey, and did convey to the vendee their individual estate in the land. The suit was instituted

to perfect the title, required under the contract against those who, having acquired a share of the estate, were incapable, by any act of their own and without the aid of the court, of passing the same to the vendee. In granting relief and thus fulfilling the conditions of the bond for title, the court charged the purchase money remaining unpaid with the expenses rendered necessary by the death of one obligor and the disability of some of her devisees.

Under the laws of this state it is plain the devisees would acquire a mere legal estate without beneficial interest therein, and the testatrix' share of the money into which the land devised has been converted by the contract of sale would pass at her death to her personal representative. But the case is governed by the laws of New York, the *situs* of the devised land, and in the opinion of the court the infant devisees were declared to be entitled to a ratable share of the fund substituted therefor, diminished by deducting the costs and expenses aforesaid. The decree was operative and effectual in making the appropriation. If it is erroneous, (and we are not at liberty to impute error to the court of another state in the interpretation and administration of its own laws in respect to property subject thereto and within its jurisdiction) we have no revisory power over the action of that court, and must recognize what has been done as final and conclusive. If it be conceded that the plaintiff's money has been wrongfully applied in the payment of charges for which neither the testatrix nor herself ought to have been held liable, it would be manifestly unjust to put a share of the loss upon the defendant who is in no default whatever, and has complied fully with her own part of the contract. It is needless to do more than refer to the former opinion and the reasons therein given for the conclusion arrived at, and to say that our convictions upon the re-argument are unchanged. There is no error in the judgment and it must be affirmed.

No error.                                             Affirmed.

NOTE BY THE CHIEF JUSTICE.—Since the opinion was prepared we have examined the statutes of the state of New York to see if there was not some special provision by which its court was governed in making the decision, and we find in 2 Rev. Stat., 64, § 45, the following enactment:

A bond, agreement or covenant made for a valuable consideration by a testator to convey any property, devised or bequeathed in any will previously made, shall not be deemed a revocation of such previous devise or bequest, either at law or in equity; but such property shall pass by the devise or bequest, subject to the same remedies on such bond, covenant or agreement against the devisees or legatees as might be had by law against the heirs of the testator or his next of kin as if the same had descended to them.

In the construction and application of the statute in the case of *Knight* v. *Weatherwax*, 7 Paige 182, Chancellor WALWORTH uses this language:

Whether the two lots were to be considered real or personal estate after the making the agreement to sell the same, the interest of the testatrix therein passes to the objects of her bounty as specified in the first section of the will, in the same manner as if that agreement had not been made, subject to the complainant's right to a specific performance of the contract upon payment of the purchase money and interest, for the benefit of whoever may be entitled to the same under that clause of the will.