THOMAS P. DEVEREUX v. JOHN DEVEREUX and others.

*Practice—Former Decision—Action to construe will—Jurisdiction and Waiver of Objection.*

1. The weightiest considerations make it the duty of courts to adhere to their former decisions and not to reverse the same unless they were made hastily, or some material point was overlooked, or some controling authority was omitted to be brought to the attention of the court.

2. In an action for the construction of a will, a former decision of this court, rendered when the court was differently constituted from what it is at present, should not be reversed because the present members of the court might infer differently as to the intention of the testatrix from the words and context of the will.

3. In an action, brought to the superior court in term time, to declare the trusts of a devisee and of the executor under a will, and to adjudge and determine the liability to the payment of legacies of certain lands devised; *Held*, that the court having jurisdiction over the adjudication of the trusts and the enforcing thereof, also had, and this court on appeal, has jurisdiction (acts 1876–'7, ch. 241, § 6) to retain the cause and go on and grant incidentally the application of the personalty; and that failing, then to apply the lands or enough thereof to satisfy the legacies on the same.

4. In such action, the jurisdiction is in the superior court of the county in which the testatrix was domiciled at her death, and in which her will was admitted to probate; but if the action is brought in another county and no objection on this ground is taken in the court below, none such can be urged on the hearing on appeal in this court.

5. The decree rendered in this cause at January term, 1878, should be modified in so far as it decrees a sale of the land before the personal estate in the hands of the executor is applied to the payment of the legacies.

(*Oliver* v. *Wiley*, 75 N. C., 320; *McMinn* v. *Hamilton*, 77 N. C., 300, cited and approved.)

PETITION to Rehear, filed by plaintiff and heard at June Term, 1879, of THE SUPREME COURT.

The petition assigns errors apparent in the opinion and

decree of this court rendered at January term, 1878, in the above entitled cause, reported in 78 N. C., 386:

1. In that, by the last will and testament of Mrs. C. A. Edmonston, the pecuniary legacy of $4,000 to her niece, Rachel Jones, and the legacies of $1,000 each to her three sisters, were held by the court to be charged on the real estate devised in said will to the plaintiff, T. P. Devereux.

2. In that the superior court had no jurisdiction of the action, or, if any, then that the jurisdiction was in the superior court of Halifax county in which the testatrix was domiciled at her death, and in which her will was admitted to probate, instead of the superior court of Wake county.

3. In that, supposing the jurisdiction to exist, it was error to decree a sale of the land until the personalty in the hands of John Devereux, sen., the executor, was first applied.

4. In that, the executor to whom the testatrix committed the execution of her will was not decreed to make sale of the land, but another was appointed a commissioner to sell and report.

5. In that, a sale was ordered by the decree of this court of a tract of land which the plaintiff had *bona fide* sold to R. A. Hancock, who had paid him the purchase money.

*Messrs. J. W. Hinsdale, Gilliam & Gatling* and *R. C. Badger,* for plaintiff.

*Messrs. T. M. Argo* and *R. H. Battle, Jr.,* for defendants.

DILLARD, J. The main question for our consideration under the alleged errors, arises under the one which assigns error to be in the ruling, that the lands devised to the plaintiff in trust for his mother for the life of John Devereux, with remainder to himself and the heirs male of his body, and in default of such heirs, then over to John Devereux in fee, were charged together with the personal estate with the

payment of the said pecuniary legacies to the niece and three sisters of the testatrix.

1. It is a cardinal rule in construing a will, to ascertain and carry out the intention of the testator or testatrix in all things permitted by the law, within the fair and reasonably certain import of the language employed. And in settling the meaning of a provision or clause in the will, it is a rule, in aid of construction, to interpret the words in their ordinary and natural sense, in connection with the context and with regard to the situation of the maker of the will with reference to his or her property and family at the date of the will. 1 Redf. on Wills, 432. It is also a rule that all the papers which constitute the will, embracing the will. and codicil and all other papers so referred to as to be incorporated in the same, are to be taken and considered together. *Ibid.*, 433, *et seq.*

The question for construction arose on bequests and devises as follows, to-wit: In the original will the testatrix bequeathed the interest of $4,000 to be paid annually to Rachel Jones, her niece, for life, and devised and bequeathed to Owen Richardson and Dolly, his wife, two servants, a sum of money specified, and an allowance of provisions to be annually paid them during their joint lives and the life of the survivor of them; and in the 4th item she devised and bequeathed the whole of her estate, (subject to the devises and bequests therein otherwise made,) including her interest in her grandfather's estate and a policy on her life for $5,000, to the defendant, John Devereux, Sen., in fee simple, if he should be solvent at the death of the testatrix, and if not, then to him in trust for his wife and children and their heirs, the same not to be liable in any event to the debts or contracts of the said Devereux; and the said item winds up with a declaration that this gift includes the whole estate, real, personal and mixed. By the first codicil the annuity of interest on $4,000 is revoked, and the prin-

cipal sum is given absolutely to Rachel Jones, and $1,000 is given to each of three sisters; and by a subsequent codicil the testatrix recites—" not wishing my real estate to be in any manner liable for the debts of my brother, John Devereux, and to avoid the possibility of such an event, I devise to my nephew, Thomas P. Devereux, all my lands and other real estate in trust for his mother during the life of his father, and then to remain to him and his heirs male; but if he shall die without any heirs of his body, then in fee to John Devereux, Jr."

Upon the effect of the will as first made, it is not controverted that the annuity to the niece, and the devise of an acre of land and bequest of yearly sums of money and provisions to Richardson and wife, were a charge on the personalty and land given to John Devereux.

When the first codicil was annexed, the only alteration of the will was to give the niece $4,000 absolutely instead of its interest for life, and to give legacies for the first time of $1,000 each to the three sisters of the testatrix. And the codicil being to be construed with the will, it is settled law, that the will will stand and be operative, except so far as the provisions of the codicil are inconsistent therewith. Iredell on Executors; Redf. on Wills, 362. Applying this principle, the construction, if the second codicil has never been executed, was entitled to be that the legacies were to be paid at all events, and the devise and bequest to John Devereux were subject to them, as they had been to the charges thereon by the original will.

Now on the execution of the last codicil, there is no express exemption of the lands devised to the plaintiff from the charges, before that time, imposed on them; and the devise is stated to be on the apprehension that the land might become liable to John Devereux' debts, and the operative motive is avowed to be to protect the same against his debts. The liability of the lands before the second cod-

icil had been, if need be, to pay the legacies; and in the
second codicil, what was to be its liability is not stated.   It
is stated therein that the motive to change the gift from
John Devereux, Sen., to the plaintiff was, that it might not
be held liable to John Devereux' debts, but whether it was
still to be liable in aid of the personalty to pay the pecu-
niary legacies or not, is not stated.   And hence conflicting
views having arisen between the plaintiff, claiming its ex-
emption from liability to pay the legacies, and the legatees
and John Devereux, Sen., the executor, claiming it to be
liable, this suit was brought amongst other things to have
this conflict of doubt settled.

The question of construction presented and decided by
this court in the opinion and decree now reheard, was,
whether the true intent and meaning of the will was that
the lands devised to plaintiff were still liable to pay the le-
gacies as before, or exempt.

On reading the opinion now reviewed and sought to be
reversed, it is obvious that the question of doubt existing
between the parties and presented in the pleadings for judi-
cial construction, was not hastily considered and decided,
but was carefully weighed, regarding the intention of the
testatrix collectible from the codicil in question, in connec-
tion with the context, and the situation of the testatrix as
respected her property, as of primary and controlling influ-
ence in fixing the meaning of the will.   The conflicting
views were represented by counsel as to the intent and
meaning of the testatrix and as to the legal construction to
be determined, and authorities were cited favoring the views
of the parties respectively; and on careful consideration the
opinion under review was prepared and delivered as ex-
pressing the view of the whole court.

Before us on the rehearing the same diversity of views are
agitated, the same contrary inferences of intention moving
the testatrix are drawn, and the same rules of construction

and other legal authorities are brought to the attention of the court as on the hearing heretofore, and we are urged to reverse the former decision as erroneous.

Upon a moment's reflection the intention in case of a will if it can be ascertained, being all-controlling and shaping the construction within the fair meaning of the words used, and in connection with the context, it is obvious that its existence and scope cannot generally be expected to be settled by any authorities in law or direct decisions of the courts, but each case is to depend on its own peculiar words and context, and may be inferred and found, one way by one mind, and differently by another, as they may be differently constituted and differ in their modes of thought. Accordingly, it might be that this court in construing said will as affected by the two codicils, might infer and decide the intention to be that the legacies should be a charge on the real as well as personal estate as announced in the opinion of the CHIEF JUSTICE. And the same court as now constituted might infer differently as to the intention of the testatrix, and under the influence of such different inference declare a different construction of the instrument.

Would it be admissible on such difference of intention inferred as a fact from the words and context of the will, operating to induce a different legal construction in the same court, on a change of its members, that the court should reverse the former opinion of the court when differently constituted, on the mere ground of a different inference of a fact that largely entered into and shaped the final opinion of each? In such case it ought not to be done unless the error was palpable, and we concur in the rule announced by this court in the case of *Watson* v. *Dodd*, 72 N. C., 240—that the weightiest considerations make it the duty of the courts to adhere to their decisions and not to reverse the same unless they were made hastily, or some material point was overlooked, or some controlling authority was omitted

2

to be brought to the attention of the court; and there being no such thing affecting the decree under consideration, we decline to revise so much thereof as adjudges the legacies to be a charge on the lands devised to the plaintiff.

2. It was assigned as error that the superior court had not jurisdiction of the subject matter, and if it had, then, that the jurisdiction was in the superior court of Halifax and not in the superior court of Wake county.

It has been decided in this court, that whenever it is necessary to have an express trust declared and enforced, or one implied by construction *ex delicto*, the action may be brought in the superior court to term, and the judge having jurisdiction over one main ground of relief is not obliged to dismiss the case with a mere declaration of the trusts, but may go on and give full relief. *Oliver* v. *Wiley*, 75 N. C., 320. Since that decision, and about the time of the institution of this suit, the legislature, besides the remedy by special proceedings against executors, &c., enacted that it should be competent to the superior court in any action pending therein to go on and order an account to be taken, and to adjudge the application of the fund ascertained, or to grant other relief, as the nature of the case may require. Acts 1876–'77, chapter2 41, § 6.

Here the action was to declare the trusts of the plaintiff as devisee, and of John Devereux, the executor, under the will of Mrs. Edmondston, and to adjudge and determine the liability or non-liability of the lands devised, to the payment of the legacies; and on the answer of the legatees made parties to the cause, the allegation was of delay and refusal of the executor to apply the personalty and land to their legacies, and the aid of the court was invoked to have payment made according to the true intent and meaning of the will. The court having, as is apparent, jurisdiction over the adjudication of the trusts and the enforcing thereof, under authority of said decision of this court, and within its

DEVEREUX *v.* DEVEREUX.

powers as enlarged and conferred by said act of assembly, His Honor had the jurisdiction, and this court on appeal to it, has the jurisdiction, to retain the cause and go on and grant incidentally the application of the personalty; and that failing, then to apply the lands or enough thereof to satisfy the legacies charged on the same. As to the error alleged to consist in the action, being brought in Wake county instead of Halifax, there can be no doubt that the county of Halifax was the proper county, and the suit should have been brought there. But it appears that no objection on this ground was taken in the court below, and none such urged on the hearing on appeal in this court. And therefore it would not be admissible on the petition to rehear to make the objection for the first time, and if it were, it is settled that the objection could not now be sustained, as the party urging such objection should have made it in apt time, otherwise it is waived. *McMinn v. Hamilton*, 77 N. C., 300. There were other errors assigned in the petition to rehear and amongst them the decree for sale of the land before the personalty is applied, and it being necessary to remodel the decree in this respect as being unauthorized by the opinion of this court, it is unnecessary to refer to them more particularly.

It is therefore the opinion of this court that the decree entered in this cause, in so far as it adjudged the land devised to plaintiff to be liable to pay the legacies, be affirmed; and that it be reversed in so far as it decrees a sale of the land before the personal estate in the hands of the executor is applied; and to this end, a decree may be drawn for ascertaining the sum due the legatees and the personal estate in the hands of the executor liable thereto, and reserving the cause as to a sale of the lands until the futher order of this court.

PER CURIAM.                          Decree modified.