SAMUEL RUFFIN and others v. C. B. HARRISON and others.

*Rehearing.*

Where the grounds of error assigned in a petition to rehear are substantially the same as those argued and passed upon in the former hearing, the court will not disturb its judgment; nor in such case will an order restraining the collection of an execution upon the judgment be granted.

(*Watson* v. *Dodd*, 72 N. C., 240; *Lockhart* v. *Bell*, 90 N. C., 499, cited and approved.)

PETITION to rehear heard at October Term, 1884, of THE SUPREME COURT.

This petition was filed by the defendants who also submitted a motion for an order restraining the collection of the execution, heretofore issued, until the matters set forth in the petition are passed upon. See same case reported in 81 N. C. 208; 86 N. C., 190; 90 N. C., 569.

*Mr. J. B. Batchelor*, for plaintiffs.
*Messrs. Fuller & Snow* and *E. C. Smith*, for defendants.

MERRIMON, J. In this case, the defendants, Ellis and wife, and Penelope Egerton, filed their petition at the present term to rehear, and pray the court to make an order restrain-

ing the collection of the execution heretofore issued, until the petition to rehear shall be heard and determined.

The order of restraint asked for will not be granted in any case as of course; it will be granted only in the sound discretion of the court, and when it appears that there is reasonable and probable grounds for the application to rehear. If the rule were otherwise, frequent applications might be made to rehear for the real purpose of delaying the enforcement of the judgment by execution or otherwise.

Hence, we have looked into and considered the petition, to see if there are set forth in it such causes as warrant us in granting the preliminary restraining order, and we are of opinion that there are not such causes specified.

The grounds of error assigned are substantially and in all material respects, views of the case earnestly pressed upon our attention in the argument of counsel at the last term, and some of them at former terms of the court, but which the court declined to accept as sound and such as ought to be adopted.

The case was ably and elaborately argued at the last and former terms. It was not hastily considered, but the court gave it much and careful consideration. It is not alleged that any material point was overlooked, nor is it suggested that we failed to examine some direct and weighty authority in favor of the defendants, that is now brought to our attention.

The case was very fully heard and in respect to the several matters alleged as grounds of error, as well as others. So that, really, the court is now called upon to rehear the case thus thoroughly heard, reverse, or materially modify its decision without any consideration moving it thereto other than such as have heretofore been so considered.

It is settled that the court will not thus reverse its de-

cisious solemnly made.    *Watson* v. *Dodd*, 72 N. C., 240 ;
*Lockhart* v. *Bell*, 90 N. C., 499.

The preliminary motion for a restraining order is denied.

Motion denied.