UNIVERSITY v. J. W. HARRISON.

*Petition to Rehear—Evidence—Affidavit.*

1. The rule, stated so frequently in numerous recent cases, in respect to the rehearing of causes, is approved.
2. Where an affidavit, or other writing, is permitted to be given in evidence, every part thereof having reference to the subject matter must be admitted.

(*Watson* v. *Dodd*, 72 N. C., 240 ; *Lockhart* v. *Bell*, 90 N. C., 499 ; *Ruffin* v. *Harrison*, 91 N. C., 76, cited and approved).

This was a PETITION TO REHEAR the same cause.    The facts are stated in the opinion.

*Messrs. Fowle, Hinsdale* and *T. P. Devereux,* for the plaintiff.
*Messrs. Flemming, Battle & Mordecai, Lewis & Son,* and *Pace & Holding,* for the defendant.

MERRIMON, J.  This is an application on the part of the plaintiff to rehear the case of *University* v. *Harrison* (90 N. C., 385), decided at the February Term, 1884, of this Court. That case was argued at great length and very thoroughly.  We listened attentively to the able arguments of counsel on both sides, examined carefully the numerous authorities cited, and in addition many not cited, and gave the case much consideration.  We are very sure that we understood the case as it appeared in the record, in all its bearings, and decided it correctly.  After hearing and considering the protracted argument of counsel in support of the petition to rehear, we are unable to discover any reason why we should disturb the decision made, or modify in any respect the opinion of the Court as delivered by the Chief Justice.  *Watson* v. *Dodd,* 72 N. C., 240; *Lockhart* v. *Bell,* 90 N. C., 499; *Ruffin* v. *Harrison,* 91 N. C., 76.

The defendants, who were the appellants, made an application in this Court in connection with the appeal for a new trial, upon the ground of newly discovered evidence.  This application was supported by affidavits.  The plaintiff resisted the same and supported its opposition by counter affidavits.  The affidavit of one of the counsel of the defendants was filed, in which, among other things, he stated in substance that before the trial of the action in the Superior Court, he had made diligent search for the heirs of the Micajah Muckelroy, deceased, from whom the plaintiff claimed to derive title to the land in question; but he farther stated that such heirs had been discovered by him since the trial, and that one of the counsel of the plaintiff at and before the time of the trial, knew of such heirs and would not make the fact known, but concealed the same, &c.

At the present term, the plaintiff was allowed to amend its petition to rehear, so as to allege that the defendants had admitted

in the record in this Court, that diligent search had been made by them for the heirs referred to, and none could be found. They then in support of this allegation, contended that the affidavit of the counsel of defendants referred to was a part of the record in the appeal, and that his statement to the effect that he had made diligent search for the heirs mentioned and could not discover them, must be treated as an admission of record in this Court by the defendants that there were none such, and that if the Court below erred in its charge to the jury as alleged by the appellants, such admission effectually cured the error complained of.

It is proper to state here that this Court did not act upon this application for a new trial, because it appeared that there was such error as entitled the appellants to a new trial.

This astute contention of the petitioner is without substantial merit and cannot be allowed to prevail. If we should hold that the affidavit of counsel referred to become a part of the record in this Court, in the sense contended for, as we do not, it would not help the case of the petitioner. Because the affidavit must be taken as a whole, and according to its true meaning in all its bearings, and as well with regard to the purpose for which it was offered. If it contained an admission, this must be taken with all the qualifications and explanations connected with it. Now, the part of it material here, is to the effect that the counsel had made diligent search and inquiry for the heirs of the deceased person mentioned, before the trial of the action in the Superior Court, without success—that, however, there were heirs at and before that time, as he has since learned, and was, at the time of making the affidavit, able to prove. This amounts to no more than saying there were heirs at and before the time of the trial, but the appellants were then not able to prove the fact, but they now are. This in no way, that we can see, affected the question before the Court presented by the appeal. It only went to show the fact, immaterial on the appeal, that if there was error, as we decided there was, the appellants would be able on the new trial to prove facts material for their defence.

We, therefore, did not err in failing to take notice of and give the effect contended for to the ground of error so assigned.

We have thus adverted to this alleged ground of error, because it was not taken into consideration when the case was decided by us.

There is no error, and the petition to rehear must be dismissed. It is so ordered. .

No error.                                    Appeal dismissed.