F. C. FISHER et als. v. THE CID COPPER MINING COMPANY OF NORTH CAROLINA.

*Petition to Rehear—Exception in a Deed—Estoppel.*

1. A petition to rehear will not be entertained unless it appears that some material point was overlooked, or some controlling authority escaped the attention of the Court, or some other weighty consideration requires it.

2. Where a grantor makes a valid exception in a deed, the thing excepted remains the property of the grantor or his heirs, but if the grantor has no valid title to the thing excepted, neither he nor his heirs can recover.

3. An estoppel by deed is always confined to the subject-matter of the conveyance, and cannot be extended to something not conveyed by the deed.

4. So where the plaintiff's ancestor conveyed certain land to those under whom the defendant claims, but excepted all the minerals on the land, the plaintiffs must prove title to the minerals, and the defendant is not estopped by the deed from denying such title.

(*Watson* v. *Dodd*, 72 N. C., 240; *Devereux* v. *Devereux*, 81 N. C., 12; *Haywood* v. *Daves*, Ibid., 8; *Lewis* v. *Rountree*, Ibid., 20; *University* v. *Harrison*, 93 N. C., 84; *Dupree* v. *Ins. Co.*, Ibid., 237; *Ruffin* v. *Harrison*, 91 N. C., 398; *Fisher* v. *The Mining Co.*, 94 N. C., 397; cited and approved).

PETITION by the plaintiff to rehear, filed at February Term, 1887, of the Supreme Court.

The case is reported in 94 N. C., 397.

The grounds of the petition appear in the opinion.

*Mr. John Devereux, Jr.*, for the plaintiffs.
*Mr. T. F. Klutz*, for the defendant.

DAVIS, J. This action was heard at the February Term, 1886, of this Court, and the judgment below was affirmed. It is now before us upon a petititon to rehear, ' because," as the petition sets forth, " the decision there made proceeds exclusively · upon the doctrine of estoppel, and its want of application to the case. The plaintiffs did not contend that the record called for an application of the doctrine of estoppel ; but they did contend for an application of the presumption, or rule of evidence, that where a grantor makes a valid exception in a deed of conveyance, the thing *excepted* remains the property of the grantor and his heirs, nothing else appearing."

After a careful review of the opinion heretofore rendered, (reported in 94 N. C., 397,) we can find no ground upon which the judgment should be reversed. This Court has often said, that former decisions must be adhered to and not reversed, unless it shall appear that some material point was overlooked, or some controlling authority was omitted to be brought to the attention of the Court, or some other

weighty consideration required it.    *Watson* v. *Dodd*, 72 N. C., 240; *Devereux* v. *Devereux*, 81 N. C., 12; *Haywood* v. *Daves*, 81 N. C., 8; *Lewis* v. *Rountree*, 81 N. C., 20; *University* v. *Harrison*, 93 N. C., 84; *Dupree* v. *Virginia Home Ins. Co.*, 93 N. C., 237; *Ruffin* v. *Harrison*, 91 N. C., 398.

The very matter which the petition seeks to bring before the Court, was considered and passed upon by it upon the former hearing.    Undoubtedly when a " grantor makes a valid exception in a deed of conveyance, the thing excepted remains the property of the grantor, or his heirs"; but if the grantor has no valid title to the thing excepted, neither he nor his heirs can recover, and in this case the plaintiffs failed to show title to the thing excepted.    It does not appear that either the plaintiffs or their ancestor, Charles Fisher, ever had title to the reserved minerals, which may have belonged to another, and as was said " the estoppel is necessarily confined to the subject-matter of the conveyance, to which conflicting claims are asserted "—in this case, to the land, and not the minerals.

The judgment of the Court as heretofore rendered is affirmed and the petition to rehear is dismissed.

Dismissed.