## W. B. FRY v. D. A. B. CURRIE.

*Petition to Rehear; Rules Governing.*

1. The decision in *Fry* v. *Currie*, 91 N. C., 436, re-affirmed.

2. The weightiest considerations make it the duty of the Court to adhere to its decisions. No case ought to be reversed upon petition to rehear, unless it was decided hastily and some material point was overlooked, or some direct authority was not called to the attention of the Court.

3. It is not sufficient merely that two members of the bar—who perhaps have not heard the argument, and may not have given the same careful consideration to the question decided as was given by the Court—are of opinion, and so certify, that the Court has committed an error.

4. The practice does not admit of a simple repetition of an argument already heard, weighed, and passed upon after full deliberation.

Petition to rehear and reverse the decision of this case made at October Term, 1884. (See 91 N. C., 436.)

*Messrs. McIver & Black,* for the plaintiff.
*Mr. J. W. Hinsdale,* for the defendant.

SMITH, C. J. This cause, the ruling in which we are now asked to rehear and reverse, was decided and the appellant's exceptions adversely disposed of at Fall Term, 1884, of the Court. It was based upon an adjudication made in *Mason v. McCormick*, three years previous, which, during this interval, seems not to have been questioned, to the effect that boundary lines may be proved by declarations of old and deceased persons, made *ante litem motam*, and having personal knowledge of the locality, even when coming from an adjoining proprietor. The ruling has since been approved in *Smith* v. *Headrick*, 93 N. C., 210; *Halstead* v. *Mullen*, *ibid.*, 252, decided a year later, and in the more recent case of *Bethea* v. *Byrd*, 95 N. C., 309.

The language of MERRIMON, J., in the last named case, is distinct and emphatic, when speaking of the witness who testifies: "The mere fact that he was the owner of an adjoining tract of land did not necessarily make him interested; he was not seeking to point out his own corner, but that of. the 'Clevins grant'; not to promote his interest and advantage, to enlarge or change his boundary, or those of any other person. So far as we can see, he was content with his own lines and boundary. It seems that he was entirely disinterested, and his declarations come exactly within the exceptions above pointed out."

The other ruling contested, to-wit, that exceptions to the charge of the Court in general, and pointing out no particulars in which error is assigned, cannot be entertained upon an appeal, has been so frequently and uniformly asserted, that it cannot be necessary to refer to specific cases in which it has been so ruled.

The question of possession under and by virtue of color of title, to ripen and perfect that title, pressed with some earnestness now, was not the ground upon which the vesting of the estate was claimed, but it was derived from a regular chain of conveyances, originating in a grant from

the State in November, 1820, issued to Thomas Bryant, for 100 acres, and terminating in the Sheriff's deed, made in 1841, to the plaintiff pursuant to a sale under execution issued to him, and the controversy was concerning the location of the lines of the grant, so as to cover the land claimed in the action.

In re-examination of the case on appeal, while the answer denies the *wrongful possession* of the land, and thus imposes upon the plaintiff the burden of proving the defendant to be in possession, and wrongfully so, the sufficiency of the evidence, if there be any, to warrant the finding, was for the consideration of the jury, and, therefore, the only point that could arise for reviewal on appeal is presented as to their being any evidence reasonably sustaining the verdict in response to the second issue. Upon this the Court ruled, that there was some evidence, and it is set out in the case on appeal.

Moreover, no direction was asked to be given to the jury, and none seems to have been given, beyond the summary statement of acts of ownership exercised over some of the land by one of the preceding parties through whom the plaintiff claims, in resistance to an asserted authority over the same by the grantee, the father of the defendant, and under whom he claims, and the cause seems to have proceeded and to have been determined upon the sole inquiry as to the position of the boundary.

We recur to these matters, in connection with the former trial, not to uphold the rulings then made, preferring to let their vindication rest upon the reasoning and supporting authorities contained in the opinion, but rather to show that the exceptions now urged were fully and carefully considered and decided then; and, according to the practice, notwithstanding the certificate of counsel that we committed errors, the case is not presented in which we should be called on to unsettle the law as declared. The rule on the subject,

in the clear and forcible language of the late Chief Justice, is thus stated in *Watson* v. *Dodd*, 72 N. C., 240:

"The weightiest considerations make it the *duty of the Court to adhere to their decisions.* No case ought to be reversed upon petition to rehear, *unless it was decided hastily and some material point was overlooked, or some direct authority was not called to the attention of the Court.*" This is reiterated in *Hicks* v. *Skinner*, in the same volume, at page 1, and again by the present Court in *Haywood* v. *Davis*, 81 N. C., 8; *Devereux* v. *Devereux, ibid.,* 12; *Lewis* v. *Rountree, ibid.,* 20, and recently in *Hannon* v. *Grizzard*, 99 N. C., 161.

It is not suggested that any of these considerations underlie and sustain the present application, and we have but a repetition of the argument, urged with equal earnestness, and as much, but not more, legal learning at this rehearing.

We must adhere to the rule announced, and it is not sufficient merely that two other members of the bar, who, perhaps, have not heard the argument, and may not have given the same careful consideration to the question raised and decided, are of opinion, and so certify, that the Court has committed error in its exposition of the law, though this is an indispensable prerequisite to the filing the petition. The practice does not admit of a simple repetition of an argument already heard, weighed and passed upon after full deliberation, and the law must be considered settled after an adjudication, and not open to renewed discussion, except under the conditions mentioned; and when shown, the Court will be always ready to correct its own errors and oversights. But the security of suitors, and other considerations of the greatest moment, demand the maintenance of such principles of law as are declared in cases involving their determination, unless the error is clearly made to appear.

The application must be denied and the petition dismissed.

Dismissed.