J. T. GAY v. WILLIAM GRANT, Administrator.

*Rehearing Appeals—Administration.*

1. When this Court, in its application of the law to the facts of a case, omits to consider material facts, and the interests of parties are thereby affected, a petition to rehear will be granted, and, in so far, the former opinion will be modified and judgment reformed.

2. An administrator ought not to be charged with doubtful notes and accounts in the absence of anything to show they could have been collected, especially when they appeared to be under the control of some of the plaintiffs.

This was a Petition to Rehear *Gay* v. *Grant,* heard at the October Term, 1888, of the SUPREME COURT, and reported in Vol. 101 N. C., p. 206.

*R. B. Peebles,* for plaintiffs.
*T. N. Hill,* for defendants.

DAVIS, J.: This is a petition of the plaintiffs, other than L. D. Gay and wife, and R. H. Stancill, to have the defendant's appeal (101 N. C., 206) reheard. The application to rehear is granted, so far as it relates to the personal property and the errors assigned, in regard to the exoneration of the defendants from the payment of certain bonds or notes mentioned in the petition, and hereinafter specified.

Upon a careful review of the record, we are satisfied that there was error, not in the law stated as applicable to the case, but in including within the rule laid down items of account, with reference to which there was evidence to be considered, other than the mere facts that they were contained in the inventory filed by the administrator, and were not produced, nor their absence accounted for, at the trial, by the defendants, who are the administrators of the

sureties to the bond of the administrators of Green Stancill (who are not defendants, but plaintiffs, in this action).

The original record makes a large volume, and only so much of it as was deemed material was printed, and the argument of counsel and the attention of the Court were especially directed to the printed record; and in classifying and grouping the large number of exceptions and considering together such as rested upon the same or similar grounds, the Court was not advertent to some material facts which appeared in the written, and not in the printed, record.

Upon an examination of the evidence in the written record, which contains the inventory, also the long exhibits, it will be seen that the Court erred, in fact, in supposing that the items mentioned therein were included in the long list of claims reported as "bonds due the estate of Green Stancill, deceased, not collected, the parties being insolvent." It will be found, upon an examination of the accounts rendered by the administrators themselves, as contained in these exhibits, that not only were these items not embraced in the list reported as insolvent and not collected, but the claims against Britton Edwards, A. R. Deloatch and Jesse Deloatch, Israel Parker and J. Smith, R. Moore and T. H. Long were collected; and it also appears that considerable sums were collected by the administrators of Wiley Edwards, N. Pruden, Jethro Taylor, W. P. Vick, E. C. Davis, and J. B. Pruden. There was also evidence before the referee as to the condition of the other debtors, to be considered by him, other than the inventory and non-production of the bonds, except as to the items numbered sixty and sixty-one. As to these, the finding of fact was: "Has been insolvent since the administrators qualified; bond inventoried without any designation; bond has not been produced, nor its absence accounted for." We do not find any evidence with regard to these items (Nos. 60 and 61) to take them out of the opinion that, "under the circumstances of

the case before us, it would be unjust to apply this rule (the general rule that would devolve upon the administrator and his sureties the burden of showing that the bonds could not have been, by due dilligence, collected) to the defendants, who are the administrators of the sureties on the administration bond, and though the estates of their intestates are liable for any default of the principal obligors, they ought not, in a case like this, to have thrown upon them the burden of accounting for the absence of bonds, which have been, or ought to have been, under the control of one of the plaintiffs and of the intestate of another," and it being found as a fact that the maker of the bonds has been insolvent ever since the administrators qualified, the defendants ought not to be charged with them, in the absence of anything to show that they were, or might have been, collected.

The former opinion will be reversed, so far as it relates to the defendants' exceptions to the ruling of the Court below, charging them with the following bonds: No. 49, Britton Edwards, $99.18; No 50, A. R. Deloatch, $24.65; No. 51, A. R. and Jesse Deloatch, $249.73; No. 52, T. H. Long and W. J. Moody, $119.70; No. 62, N. Pruden and H. Pruden, $97.16; No. 63, Green Gay *et al.*, $200; No. 64, J. Parker and J. Smith, $150; No. 65, Jethro Taylor, $27.07; No. 66, Riddick Pope, $4.37; No. 67, W. H. Faison, $534.15; No. 68, Wiley Edwards and Sarah Edwards, $344.91; No. 69, W. P. Vick, $381.44; No. 71, Richard Moore, $5.41; No. 72, J. B. Pruden and R. Pope, $67.86; No. 86, John T. Branch and B. W. Goodwin, $535.43; No. 98, E. C. Davis, $14.53; No. 102, N. Pruden, $31.86; No. 103, E. C. Davis, $10.12; No. 104, E. C. Davis, $80.27; No. 105, E. C. Davis, $67.23.

The foregoing items, with interest added, will be retained in the account as originally reported by the referee, and the defendants charged with them. John T. Branch (No. 86) is not to be mistaken for James F. Branch (No. 89), written " J. T. Branch " on page 214 of the case reported in 101

N. C. The original opinion will be reformed in the particulars specified in this.

*Petition granted, and former opinion reformed.*

In the same case, upon petition before Supreme Court to rehear the plaintiff's appeal—

MERRIMON, C. J.: This is an application to rehear the plaintiffs' appeal in *Gay* v. *Grant*, 101 N. C., 218, decided at September Term, 1888. That appeal was well and elaborately argued on both sides. The Court clearly understood and comprehended the assignments of error, and gave them much careful and patient consideration. It examined with scrutiny the statutes and authorities cited on the argument, and others not so cited. It does not at all appear that any material matter, point or authority was overlooked by inadvertence or otherwise. No direct authority has been brought to the attention of the Court that it failed to see and consider. There has simply been a re argument. The case was fully heard and considered in all respects. So that, substantially, in view of the very same considerations, authorities and arguments, the Court is called upon to reverse its decision, made with care and deliberation. It is well settled, upon reason and authority, that it will not, and ought not, to do so. *Watson* v. *Dodd*, 72 N. C., 240; *Haywood* v. *Daves*, 81 N. C., 8; *Devereux* v. *Devereux, ibid*, 12; *Lewis* v. *Rountree, ibid*, 20; *Lockhart* v. *Bell*, 90 N. C., 499; *Hannon* v. *Grizzard*, 99 N. C., 161. For the reasons stated in the opinion of the Court in the appeal mentioned and referred to, and others that might, but need not, be stated here, the judgment therein must remain undisturbed.

The petition, as to that appeal, must be dismissed. It is so ordered.