MOSES WEISEL v. GEORGE W. COBB, Assignee of S. Weisel and Son.

(Decided May 28, 1898).

*Rehearing of Decided Causes—Practice—Stare Decisis.*

1. Rehearings of decisions of cases of this Court are granted only in exceptional cases and, when granted, every presumption is in favor of the judgment already rendered.

2. Where neither the record nor the briefs on the rehearing of a case disclose anything that was not apparently considered on the first hearing, the former judgment will not be disturbed.

PETITION to rehear the case between the same parties decided at February Term, 1896, of this Court and reported in 118 N. C., at page 11.

*Mr. J. H. Sawyer*, for petitioner.
*Mr. E. F. Aydlett, contra.*

DOUGLAS, J.:   This is a petition to rehear the case decided at the February term, 1896, of this Court and reported in 118 N. C., at page 11.   The endorsement of Mr. Justice Avery upon the petition is as follows: "Order upon petition to rehear:—The issues of law involved in this controversy were carefully considered when the case was before the Court upon appeal, but, after reviewing the record, I am now of opinion that there should be a rehearing upon the questions, first, whether the judgment of the Court below was erroneous in the allowance of commissions to the defendant Cobb; second, whether the defendant Cobb was properly chargeable, in any capacity, with interest on any of the fund or solvent credits in his hands."

Therefore, there are only two questions now before us, to-wit, the amount allowed for commissions and the defendant's liability for interest.   The question as to whether he should be charged with the full amount of the solvent notes and accounts sold by him, cannot now be considered by us, as the rehearing allowed by Justice Avery was not general, but was restricted to the two points mentioned therein.   As to all other matters, the judgment is now final, and is past review, as the time within which, under the rules of this Court, a rehearing could be granted on the other matters, has long since expired.

We have given this case the most thorough investigation, and are forced to the conclusion that neither the record nor the briefs disclose anything relating to the only points now before us that was not apparently considered when the former judgment was rendered.

The allowance of $2\frac{1}{2}$ per cent each way, or five per cent on the amount received, is in addition to the expenses incurred by the trustee, and is also exclusive of the allowances made to him as administrator of S. Weisel.

As the highest principles of public policy favor a finality of litigation, rehearings are granted by us only in exceptional cases, and then every presumption is in favor of the judgment already rendered.

Every case coming before this Court is thoroughly investigated and carefully considered: and while we are liable to error, which we are always ready to correct, that error must be clearly pointed out to us before we can undertake to set aside a solemn adjudication involving the rights of others. This is the clearly defined policy of this Court, and has been frequently enunciated in unmistakable terms. In *Watson* v. *Dodd*, 72 N. C., 240, Chief Justice Pearson, speaking for the Court, says: "The weightiest considerations make it the duty of the Courts to adhere to their decisions. No case ought to be reversed upon petition to rehear, unless it was decided hastily, or some material point was overlooked, or some direct authority was not called to the attention of the Court."

See also *Hicks* v. *Skinner*, 72 N. C., 1; *King* v. *Winants*, 73 N. C., 563; *Haywood* v. *Daves*, 81 N. C., 8; *Devereux* v. *Devereux*, 81 N. C., 12; *Lewis* v. *Rountree*, Ibid 20; *Mizell* v. *Simmons*, 82 N. C., 1; *Ashe* v. *Gray*, 90 N. C., 137; *Lockhart* v. *Bell*, Ibid 499, 501; *Ruffin* v. *Harrison*, 91 N. C., 76, 78; *University* v. *Harrison*, 93 N. C., 84; *Dupree* v. *Ins. Co.*, Ibid 237, 239; *Fisher* v. *Mining Co.*, 97 N. C., 95, 97; *Hannon* v. *Grizzard*, 99 N. C., 161; *Fry* v. *Currie*, 103 N. C., 203, 206; *Gay* v. *Grant*, (Plaintiff's appeal) 105 N. C., 478;

*Emry* v. *Railroad,* Ibid 45; *Hudson* v. *Jordan,* 110 N. C., 250; *Mullen* v. *Canal Co.,* 115 N. C., 15.

A partial change in the personnel of the Court affords no reason for a departure from the rule, but rather emphasizes the necessity for its application, as was intimated in *Devereux* v. *Devereux, supra.* The petition is dismissed.

Dismissed.