A. CAPEHART et al., executors of W. J. Capehart, v. W. P. BURRUS
and wife.

(Decided February 28, 1899).

*Rehearing—Stare Decisis, Interest Reipublicae, ut finis litium.*

No case ought to be reversed upon petition to rehear, unless it is
clearly shown to have been incorrectly decided.

PETITION TO REHEAR this cause, relating to the construc-
tion of the will of W. J. Capehart, decided at February
Term, 1898 (122 N. C., 119).

*Messrs. Simmons, Pou & Ward,* for petitioners.
*Mr. F. D. Winston, contra.*

FURCHES, J.    The purpose of this action was to obtain
a judicial construction of the will of W. J. Capehart, and was
decided by this Court at February Term, 1898 (122
N. C., 119).

This is a petition to rehear the cause for alleged errors in
the decision then made.

This Court does not claim that it does not sometimes com-

mit errors in its decisions. This is in fact admitted by its providing, by its own Rules, how a hearing may be had.

But to entitle a party to a rehearing the error should be manifest. It is not sufficient that respectable authority may be found, from which a reasonable argument may be made, to prove that the decision was erroneous. Such authorities may be found, and such argument may be made in almost every case of importance, while the authorities and arguments sustaining the decision are as strong, or stronger, than those against it. This is manifested by every case that comes to this Court upon appeal. They have all been decided by the Court below; they can only come to this Court upon questions of law; each side is represented by learned attorneys; they have different opinions as to the law involved in the case, and it comes here by appeal that this difference of opinion may be settled. Both sides sustain their contentions by authority and by argument. But they can not both be right; they can not both win; and one or the other must lose.

It is important to litigants that their cases should be properly decided, and this is not the only importance attaching to an opinion of this Court. If it is erroneous, it may be used as a precedent and lead to other erroneous decisions. But it is less likely to have this effect in cases construing wills than in almost any other case.

It is said by this Court in *Brawley v. Collins,* 88 N. C., 608: "It is seldom that we can derive any aid from an examination of adudged cases, as we have had occasion before to remark, in consequence of the great diversity of terms in which a testator expresses himself, and hence each case must be determined by itself." Thus showing that such decisions are not considered of the same importance, as precedents, as are decisions upon other matters.

But while it is important that a case should be decided

124—4

right, it is important that it should be decided, and that there should be an end to the litigation.

It was said in *Weisel v. Cobb,* 122 N. C., 67, which was a petition to rehear (decided at the same term that the decision in this case was rendered), that "every case coming before this Court is thoroughly investigated and carefully considered, and while we are liable to error—which we are always ready to correct—that error must be clearly pointed out to us before we can undertake to set aside a solemn adjudication involving the rights of others. This is the clearly defined policy of this Court, and has been frequently enunciated in unmistakable terms. In *Watson v. Dodd,* 72 N. C., 240, Chief Justice PEARSON, speaking for the Court, says: "The weightest considerations make it the duty of the court to adhere to their decisions. No case ought to be reversed upon petition to rehear, unless it was decided hastily, or some material point was overlooked, or some direct authority was not called to the attention of the Court." To support this position, the learned justice who wrote the opinion of the Court cited more than a dozen cases.

This case was fully and carefully considered when the decision was made, and upon a careful reconsideration we see no satisfactory reason for reversing the decision heretofore made.

Petition dismissed.