This case was heard at Fall Term, 1897, and reported in 121 N.C. 389.
It has been held that a petition to rehear a case, which had been decided by this Court, should contain a plain, concise statement of the facts or law overlooked, or erroneously decided; but that it should not undertake to establish such alleged errors by a course of reasoning. Whitev. Jones, 92 N.C. 388.
This petition is an argument containing ten pages of printed matter with citation of authorities to sustain the argument, and was used as a brief by the petitioner in his argument. This rule may not always have been observed by attorneys in preparing their petitions to rehear. But, still, we understand that this is the rule established by this Court, and that it should be observed in preparing such petitions. *Page 393 
This Court has repeatedly held that "no case should be reheard upon a petition to rehear unless it was decided hastily and some material point was overlooked, or some direct authority was not called to the attention of the Court." Watson v. Dodd, 72 N.C. 240; Hicks v. Skinner, 71 N.C. 539;Haywood v. Daves, 81 N.C. 8; Devereux v. Devereux, ib., 12; Smith v.Lyon, 82 N.C. 2; Lockhart v. Bell, 90 N.C. 499; University v. Harrison,93 N.C. 84; Dupree v. Ins. Co., ib., 237. "Where the grounds of error assigned in the petition are substantially the same as those argued and passed upon in the former hearing, the Court will not disturb its judgment." Lewis v. Rountree, 81 N.C. 20.
It is alleged in this petition that Smaw v. Cohen, 95 N.C. andFarthing v. Shields, 106 N.C. 289, were probably overlooked by theChief Justice in writing the opinion of the Court. We have examined these cases, and in our opinion neither of them sustains the contention of the petitioner, but are authority against him. Smaw v. Cohen, supra, is authority for holding that where the debt sued for is (612) less than $200, the action should be brought before a justice of the peace; and that where the debt is established by the judgment, thestatute creates the lien. But where the debt is less than $200, and it is sought to establish an equitable lien, the action must be brought in theSuperior Court, as a justice of the peace has no equitable jurisdiction — citing Dougherty v. Sprinkle, 88 N.C. 300.
This action was commenced before a justice of the peace, the amount claimed being less than $200. And to this extent Smaw v. Cohen, supra, sustains the jurisdiction of that Court, if it is an action of debt, and where the statute is relied on to fix the lien. But if plaintiffs' action could be sustained, as an equitable lien on the house, as it is argued in the petition that it can be, then the action should have been brought in the Superior Court, as a justice of the peace has no equitable jurisdiction. So we see that, according to Smaw v. Cohen, in order to give a justice of the peace jurisdiction it must be an action of debt. If it is an action to establish an equitable lien, a justice of the peace has no jurisdiction, and the plaintiff is out of court.
The case of Farthing v. Shields, supra, is also authority against the petitioner, as we will show further on. If the petitioner had grounds for an equitable lien, as he claims, he should have commenced his action in a court that had equitable jurisdiction. He could not succeed in this action, as the Superior Court has no greater jurisdiction than the justice of the peace had, from whom the appeal was taken. So the petitioner must rely on the statute, The Code, sec. 1826. This section provides: "No married woman during her coverture shall be capable of making any contract to affect her real or personal estate, except her *Page 394 
(613) necessary personal expenses, or for the support of the family, or such as may be necessary in order to pay her debts existing before marriage, without the written consent of her husband, unless she be a free trader, as hereinafter allowed."
The feme defendant was the owner of a lot of land in Shelby. She and her husband contracted verbally with the plaintiffs to build a house on this lot belonging to the wife. The plaintiffs built the house, and they admit that they have been paid for the same, except $37. The plaintiff brought this action before a justice of the peace against the husband and wife for the balance due him for building the house, and in this action he claims a mechanic's lien on the house for his debt. He recovered judgment against the husband, but the court refused to give judgment against the feme
defendant, and also refused to declare a lien on the house in favor of the plaintiff. This judgment of the Superior Court was affirmed by this Court, when it was here before. (121 N.C. 387.) The petitioner says this was error, which he asks to have corrected.
To entitle a party to a statutory lien (as this must be, if a lien) there must be a valid indebtedness. The debt is the cause of action, and the lien is only incident to the debt. There can be no statutory lien without a debt for the lien to rest upon. Wilkey v. Bray, 71 N.C. 206;Baker v. Robinson, 119 N.C. 289; Clark v. Edwards, ib., 115.
It therefore follows that plaintiff can have no lien on the house and lot, unless he has a debt against the feme defendant, upon which he could recover a personal judgment against her.
This brings us to a consideration of section 1826 of The Code, quoted above. And we find that this section fails to give the petitioner any right to recover judgment against the feme defendant. The statute declares that no married woman shall be capable of making any contract affecting either her personal or real estate, except for her(614) necessary personal expenses or for the support of the family, or such as may be necessary to pay her debt, unless with thewritten consent of her husband, existing at the time of her marriage, unless she be a free trader. It is admitted that she is not a free trader; and it is perfectly apparent to us that the building of a house on a lot belonging to the feme defendant does not fall under any one of the exceptions contained in section 1826. It is not her necessary personalexpenses; it is not what could be termed expenses incurred for the support
of the family, and it is not claimed that it is for a debt due at the time of her marriage. With this interpretation of section 1826, which seems to us to be so manifestly correct that we hardly see how it could be understood otherwise, we fail to see the error in the former opinion and judgment of this Court, which the petitioner seeks to point out. *Page 395 
But if the plaintiff had been able to establish a debt and to have obtained a judgment against the feme defendant for any of the excepted matters in section 1826, for which she may contract, such judgment would not have been a lien on the real estate (the house and lot) of the feme
defendant, although her personal estate would be liable for the payment of such judgment. This doctrine has been announced by this Court in a great number of cases, some of which we cite as follows: Loan Assn. v. Black,119 N.C. 323, in which case the following cases are cited to sustain this position: Thurber v. La Roque, 105 N.C. 301; Farthing v. Shields,106 N.C. 289; Hughes v. Hodges, 102 N.C. 236; Lambeth v. Kennery,74 N.C. 348; Littlejohn v. Edgerton, 76 N.C. 468. We therefore see no grounds upon which plaintiffs' claims could be declared a lien on the house and lot, the "real estate of the feme defendant," even if he could get a judgment against her.
It is contended in the petition to rehear (used as a brief) (615) that the feme defendant did not plead her coverture. But it appeared all through the case that she was a feme covert, and, this appearing, it was the duty of the court to see that she had the benefit of this defense. Moore v. Wolfe, 122 N.C. 711, and authorities there cited.
PETITION DISMISSED.